UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
               Plaintiff

     v.                                                     Case No.08-20423
                                                           Hon. Sean Cox

CONRAD JOHN FRANCIS, et al

_____/

ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL
EXAMINATION OF DEFENDANT CONRAD FRANCIS

This matter coming before the Court on the joint motion of the parties, and the Court having reviewed the medical records of the defendant which demonstrate a medical condition of recent onset and continuing nature, the Court finds that there is reasonable cause to believe that defendant CONRAD FRANCIS may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial. Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§4241-4247,

     **IT IS HEREBY ORDERED** that a psychiatrist or psychologist employed or retained by the Untied States be appointed, authorized, and directed to examine the mental condition of defendant CONRAD FRANCIS, *see id* §4241(a),(b), 4247(b);

That defendant submit to an evaluation with that individual for such psychiatric or psychological examination;

That the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the

examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §4241(b), 4247©;

That the examiner promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government, *see id.* §4247©;and,

That the period beginning with the joint request for a competency evaluation made on February 4, 2009 and ending with the conclusion of the competency hearing, *see id.* §4241(c), 4247(d), which will take place after the Court and parties have received the examiner's written report, be deemed excludable delay under the Speedy Trail Act, pursuant to 18 U.S.C. §3161(h)(1)(F) and (h)(1)(A), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on the defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. §3161(h)(1)(J).

    **IT IS SO ORDERED**

                          S/Sean F. Cox
                          Sean F. Cox
                          United States District Judge

Dated: February 13, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 13, 2009, by electronic and/or ordinary mail.

                          S/Jennifer Hernandez
                          Case Manager